CRAIN, Judge.
This is an appeal from a judgment of the trial court in favor of Geraldo Silveria (ap-pellee) on his reconventional demand ordering his $10,000 deposit released to him by the Clerk of Court, awarding him $20,000 plus legal interest as damages, $2,500 for attorney’s fees and all court costs. William Weger (appellant) took this devolutive appeal.
TRIAL COURT PROCEEDINGS
Appellants instituted this suit alleging that as a result of appellee’s failure to make a bona fide effort to obtain a mortgage loan he breached a purchase agreement to buy appellants’ home. Appellant requested forfeiture of appellee’s $10,000 deposit plus attorney’s fees, interest and costs.
Appellants’ listing real estate agent, Century 21-Acadia Realty and Development Company, Inc., the escrow agent for the deposit, in anticipation of this litigation intervened and instituted a concursus proceeding impleading the parties to assert their respective claims to the ownership of the deposit which was placed in the registry of the Court.
Appellee answered and reconvened, denying appellants’ allegations and praying for judgment against both appellants and their realtor for return of the deposit and $20,000 in liquidated damages plus attorney’s fees, interest and costs.
Appellants entered a general denial to the reconventional demand.
FACTS
On August 31, 1982, appellee entered into an agreement to purchase appellants’ home for $60,000.00, with a $20,000.00 cash down payment and the remainder secured by a mortgage. The purchase agreement was conditional on appellee being able to obtain a loan to finance the unpaid balance through good faith effort within 15 days from date of the agreement. Appellee gave the listing realtor a deposit of $10,-000. On the same day, he went to the local branch office of the only bank he did business with and completed a mortgage loan application for the purchase of the home. Appellee was not a resident of the area and did not seek a loan from any other lending institution feeling he would be successful only at the bank where he was known.
On or about September 17 or 18, 1982, appellee was informed by his bank that his loan request had been denied because the property was not located in an approved Lafourche Parish Planning Commission subdivision. He then contacted the realtor and requested that his deposit be refunded. The realtor, acting on either appellants’ instructions or his attorney’s instructions, refused to return the deposit. Appellee then went to appellants’ attorney’s office and demanded his deposit back. He was told that he must make an additional loan application to another lender. Reluctantly, on September 22, 1982, appellee made another loan application to a different local savings and loan institution. On October 5, 1982, he discovered that his loan application had again been denied but this time the denial was based on insufficient income. However, as reflected by the record, the suit to forfeit his $10,000 deposit had been filed on September 27, 1982.
ISSUES
Appellants allege as their only assignment of error that the trial court erred in (1) finding appellee had made a good faith effort to secure a loan, (2) finding appellants- had breached the contract by de- *51 dining to consent to the release of appel-lee’s deposit.
The purchase agreement entered into between the parties was subject to the suspensive condition that appellee obtain a loan through good faith effort within fifteen days of the agreement date. La.C.C. art. 2021.[1] Appellee did exactly what the terms of the contract stipulated. He promptly made, in good faith, a bona fide application to his bank for the type of loan described in the agreement. Pending the outcome of this application, appellee was under no obligation to apply elsewhere. Despite the fact that he was not informed that his loan request had been denied until September 17 or 18, 1982, the agreement, by its own provisions, expired after September 15, 1982. After this date, appellee was under no obligation to make another loan application. Accordingly, we find no error in the trial court’s finding that appel-lee had made a good faith effort to secure a loan.
The trial judge then awarded ap-pellee $20,000 as liquidated damages resulting from appellants’ breach of the agreement due to his failure to return the deposit. Our findings that appellee complied with the provisions of the purchase agreement result in a finding that appellants breached the agreement by failing to return the deposit. With reference to liquidated damages, the agreement provides that “In the event the seller fails to comply with this agreement within the time specified, the purchaser shall have the right either to demand from the seller twice his deposit as damages or ... specific performance.” We interpret this provision to allow an award of damages only if the seller acts in bad faith in refusing to comply with the purchase agreement’s requirement to transfer the property. The record reflects that appellants were willing to complete the sale had appellee’s loan application been approved. Consequently, the $20,000 award as liquidated damages is inappropriate. On the other hand the provision for an award of attorney fees against “either party who fails for any reason whatsoever, to comply with the terms of this contract ...” justifies the award of attorney fees and costs against the appellant for refusing to return the deposit.
Accordingly, that portion of the trial court’s judgment awarding $20,000 as liquidated damages is reversed. In all other respects, the trial court’s judgment is affirmed, appellant to pay all. costs.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.

. La.C.C. art. 2021 provides as follows:
Conditional obligations are such as are made to depend on an uncertain event. If the obligation is not to take effect until the event happen, it is a suspensive condition; if the obligation takes effect immediately, but is liable to be defeated when the event happens, it is then a resolutory condition.